

# United States Department of the Interior

## FISH AND WILDLIFE SERVICE



NOV 14 2017

Marietta Echeverria
Director, Environmental Fate and Effects Division
Office of Pesticide Programs
Division Mail Code 7507P
U.S. Environmental Protection Agency
1200 Pennsylvania Ave. NW
Washington, D.C. 20460

Dear Ms. Echeverria,

On January 18, 2017, the U.S. Fish and Wildlife Service (Service) received the Environmental Protection Agency's (EPA) draft Biological Evaluations (BEs) on the effects of reregistering chlorpyrifos, malathion, and diazinon under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and request to initiate formal consultation under section 7 of the Endangered Species Act of 1973, as amended (ESA). As you are aware, this effort was one of the most complex section 7 consultations ever attempted. While we appreciate the collaboration with the Service and others that informed the development of these BEs, after further review and lessons learned in consideration of the BEs the Service is requesting additional information necessary to complete formal consultation. (See interagency consultation regulations at 50 CFR §402.14). Specifically, we request:

- A revised effects analysis for each chemical that reflects the best scientific and commercial data that is currently available or which can be obtained during the consultation – the standard for information required under 50 CFR §402.14(d) for an action agency when seeking formal consultation – regarding actual use, including extrapolation to areas where actual use data does not exist or cannot be obtained. The revised effect analyses should also seek to predict effects from future usage that is reasonably certain to occur during the time period of the label authorization but is not reflected in current actual use data.

- A revised effects analysis for each chemical that eliminates from analysis geographic areas identified by EPA where these pesticides are not used and where such use is not likely during the time period of the label authorization, or where listed species or designated critical habitats would not otherwise be exposed to use of the pesticide (e.g., certain states, high elevation areas, uninhabited islands).

In addition, the Service also suggests that the EPA monitor available use and usage information to determine if the manner of actual use remains consistent with assumptions of use and usage considered in the consultation process.

Under the regulations, indirect effects are "those that are caused by the proposed action and are later in time, but are reasonably certain to occur." 50 C.F.R. 402.02. The effects analysis determines the action area, which is "all areas to be affected directly or indirectly by the Federal action and not merely the immediate area involved in the action." 50 C.F.R. 402.02. We must keep in mind the ESA regulations when considering the action description and effects analysis.

In the course of developing the draft and final biological opinions and associated incidental take statements, the Service requests that EPA facilitate coordination with the registrants and user groups to develop, if necessary, any reasonable and prudent alternatives to avoid violation of section 7(a)(2) of the Act and any reasonable and prudent measures necessary or appropriate to minimize the impact of your action on listed species.

This letter also serves as a request to extend the consultation, in accordance with 50 C.F.R. 402.14(e). Upon receipt of the above requested information, the Service will work with EPA to establish a schedule to complete consultation on the proposed actions.

If you have any questions or concerns about this request or the consultation process in general, please feel free to call me at 202-208-4646 or Deputy Assistant Director Gina Shultz at 703-358-1985.

Sincerely,

Gary Frazer
Assistant Director - Ecological Services